Filed 7/25/16  P. v. Ray CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

Plaintiff and Respondent,

v.

BRIDGET LEA RAY,

Defendant and Appellant.

F070651

(Super. Ct. No. BF155459A)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

After denial of a motion to suppress, appellant Bridget Lea Ray entered into a plea agreement whereby she pled no contest to one count of violating Penal Code section 4573, bringing a controlled substance into jail. In exchange for her plea, other charges were dismissed and the agreed upon sentence would be 120 days work release, 240 hours community service, and three years' probation. Ray was sentenced in accordance with the plea agreement. Ray timely appealed. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On June 12, 2014, Deputy Sheriff Ben Harmonson was dispatched to check on the welfare of a woman slumped over the steering wheel of a parked car. When he arrived at the location, he saw Ray slumped over the steering wheel with an open container of alcohol in the cup holder next to her. Harmonson knocked on the window of the car several times; Ray woke up; and Harmonson asked her to open the locked door so he could speak with her.

Harmonson noticed that Ray was talking rapidly and had a hard time holding still. He took her pulse and found it was elevated to 148 beats per minute. Harmonson radioed dispatch to run a records check on Ray. Dispatch reported that Ray had two outstanding misdemeanor warrants. Harmonson handcuffed Ray and did a search incident to arrest.

In the search incident to arrest, Harmonson found a baggie of marijuana in one of Ray's pockets. Harmonson asked if Ray had a marijuana card; she indicated she did. When asked where her marijuana card was, Ray stated it was in her purse; her driver's license also was in the purse. Harmonson asked if he could look through her purse for these two items; Ray gave him permission.

When Harmonson looked at the purse, there was a glass stem or tube sticking out of it in plain sight. There was a white crystalline substance in the tube. Based upon his

2.

training and experience, Harmonson believed the tube was used for "snorting of controlled substances."

Harmonson asked Ray where in her purse he could find the marijuana card and driver's license; Ray stated they were underneath her makeup bag. Harmonson removed the makeup bag and discovered a glass pipe with a bulb, consistent with pipes used for smoking methamphetamine. The pipe appeared to have a usable amount of methamphetamine in the bulb; it also had white residue and burn marks consistent with use.

Harmonson waited for Ray's parents to come and collect the vehicle Ray had been driving. After the parents arrived, Harmonson transported Ray to the Mojave substation. Harmonson had previously advised Ray of her rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 and he issued a drug test admonition at the substation.

Harmonson completed drug recognition tests on Ray as part of the processing at the jail. He found that Ray had eyelid tremors, hippus in her pupils, a slow reaction to light with her pupils, finger tremors, and a lack of smooth pursuit with her eyes. These symptoms led Harmonson to believe that Ray was under the influence of a controlled nervous system stimulant.

Ray was asked by Harmonson to provide a urine sample and he took her to the Mojave jail in order to obtain the sample. A female deputy, Frances Moroyoqui, collected the urine sample.

Ray was transported to the Kern County jail where Sheriff's Deputy Jacqueline Hernandez was on duty on June 12, 2014. There are signs posted directing inmates not to bring narcotics into the facility. Hernandez pat searched Ray at the receiving counter and detected a hard material in Ray's vaginal area. Hernandez requested and received authorization to conduct a strip search of Ray.

During the strip search, Hernandez saw some clear plastic protruding from Ray's vaginal area. At a certain point, a small plastic baggie fell to the floor. Hernandez was of

3.

the opinion the baggie contained methamphetamine. Hernandez issued a *Miranda* advisement to Ray, after which Ray stated that she had two baggies of methamphetamine that she had attempted to conceal when she saw Harmonson.

On August 29, 2014, a consolidated information was filed charging Ray with a violation of Penal Code section 4573, bringing a controlled substance into a jail; two felony counts of possession of methamphetamine; one misdemeanor count of being under the influence of a controlled substance; and one misdemeanor count of possession of drug paraphernalia.

On October 1, 2014, Ray filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 537, for discovery of personnel records pertaining to Harmonson, Moroyoqui, and Hernandez. On October 2, 2014, Ray filed a motion to suppress all evidence.

The trial court conducted a hearing on the *Pitchess* motion on October 28, 2014. After reviewing the personnel files and conducting an *in camera* hearing, the trial court did not order any documents released to the defense.

An evidentiary hearing on the motion to suppress was held on November 4, 2014. After testimony from witnesses and argument from counsel, the trial court denied the motion to suppress.

On November 7, 2014, Ray signed a felony advisement of rights, waiver, and plea form. Ray initialed the form and signed, indicating that she understood the charges against her, possible defenses, her constitutional rights and was waiving those rights, the consequences of entering a plea, and had been provided an adequate opportunity to discuss the change of plea with her attorney. Pursuant to the plea agreement, Ray would plead no contest to the Penal Code section 4573 offense; the other charges would be dismissed; and Ray would be sentenced to 120 days of work release, 240 hours of community service, and three years' probation.

At the November 7, 2014 change of plea hearing, the parties stipulated to a factual basis for the plea based upon the preliminary hearing transcript. The trial court reviewed the change of plea form signed by Ray and asked her if she understood each of her rights and was giving up those rights, to which Ray responded "Yes." The trial court found that Ray made a "knowing, intelligent, voluntary waiver of [her] rights, understanding the consequences" and accepted Ray's plea of no contest to the charge. The remaining charges were dismissed.

On December 11, 2014, Ray was sentenced in accordance with the plea agreement. Ray filed a notice of appeal on December 11, 2014, stating the appeal was based on the denial of the motion to suppress. Appellate counsel was appointed on March 16, 2015.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 on June 19, 2015. That same day, this court issued its letter to Ray inviting supplemental briefing. No supplemental brief was filed.

Harmonson placed Ray under arrest after determining that she had outstanding warrants. It was only after she was under arrest that any search occurred. An arrestee may be searched incident to arrest, which search may include a search of the arrestee's person, personal property, and vehicle for evidence in order to prevent its destruction or concealment. (*People v. Tom* (2014) 59 Cal.4th 1210, 1247.) Further, arrestee's have a significantly diminished expectation of privacy and are subject to visual body cavity searches. (*Bell v. Wolfish* (1979) 441 U.S. 520, 558 & fn. 39.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.